IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10210
Conference Calendar

_____

JEFFREY LACARDIA MURDOCK,

Plaintiff-Appellant,

versus

WES D. DENTON, Corrections Officer;
BILLY BAILEY, Corrections Officer;
DAVID HUDSON,

Defendants-Appellees

and

MICHAEL PHILLIPS, Corrections Officer; JOHN WISE CO.,

Defendants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:94-CV-103 BA
- - - - - - - - - -
December 9, 1997

Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jeffrey Lacardia Murdock, Texas prisoner # 627998, appeals the jury's verdict for defendants in his civil rights action filed pursuant to 42 U.S.C. § 1983.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Murdock's motions for appointment of counsel, to file a first amended original petition, for joinder of persons, for consolidation of defendants, and for an extension of time to file a reply brief are DENIED.

After requesting and being granted a transcript at government expense, Murdock does not give any citations to the record of the jury trial in his entire brief. His statement of the facts is nothing more than a repeat of his allegations and does not refer to the evidence introduced at trial as recorded in the transcript. The Federal Rules of Appellate Procedure require the parties to provide references to the record to support statements of fact. Fed. R. App. P. 28(a)(4); 5th Cir. R. 28.2.3; Moore v. FDIC, 993 F.2d 106, 107 (5th Cir. 1993).

Further, Murdock fails to brief any issues relating to errors in the jury verdict or the magistrate judge's earlier dismissal of defendants Wise and Phillips. His entire brief is devoted to repeated assertions that his version of the incident was true and that the defendants committed perjury. The jury found that none of the defendants used excessive force against Murdock. The standard of review regarding the weight of the evidence supporting a jury verdict is narrow. See, e.g., Hiller v. Manufacturers Prod. Research Group of North America, Inc., 59 F.3d 1514, 1522 (5th Cir. 1995)(whether evidence is so strongly in favor of one party that a reasonable individual could not arrive at a contrary verdict). Murdock's brief challenges the

credibility choices made by the jury. We will not disturb those choices. See Martin v. Thomas, 973 F.2d 449, 453 n.3 (5th Cir. 1992)(appellate court will not weigh conflicting evidence or determine credibility of witnesses). This issue is frivolous.

Murdock also argues that he received ineffective assistance of counsel due to the fact that he inadequately represented himself. Because there is no Sixth Amendment right to counsel in a civil case, a claim of ineffective assistance of counsel does not apply in civil cases. Sanchez v. United States Postal Service, 785 F.2d 1236, 1237 (5th Cir. 1986).

We have reviewed the record and find no issue of arguable merit. Accordingly, we dismiss the appeal as frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. We caution Murdock that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Murdock is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.